UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, CHICAGO
REGIONAL COUNCIL OF CARPENTERS
WELFARE FUND, CHICAGO AND
NORTHEAST ILLINOIS REGIONAL COUNCIL
OF CARPENTERS APPRENTICE AND
TRAINEE PROGRAM and
LABOR/MANAGEMENT UNION CARPENTRY
COOPERATION PROMOTION FUND,

                Plaintiffs,

    v.

FISHER INTERIORS, LIMITED, a dissolved
Illinois corporation and JACK FISHER,
individually,

                Defendants.

## **COMPLAINT**

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND

("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL

COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"),

the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND

("Labor/Management Fund) and their respective trustees (hereinafter collectively the "Trust

Funds"), by their attorney Kevin P. McJessy, complain of Defendants FISHER INTERIORS,

LIMITED, a dissolved Illinois corporation and JACK FISHER, individually and doing business

as FISHER INTERIORS, LIMITED (collectively FISHER INTERIORS, LIMITED and JACK

FISHER are referred to herein as "Defendants") as follows.

## SUMMARY OF THIS ACTION

1.      The Trust Funds bring this action against the Defendants under ERISA because Defendants failed to produce books and records to the Trust Funds or their designated auditors, Legacy Professionals, LLP ("Legacy Professionals") sufficient for an accurate audit of Defendants' fringe benefit contributions for the period January 1, 2014 through the present ("Audit Period") and/or because Defendants failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and the Trust Agreements for the Audit Period.  The Trust Funds seek production of books and records from Defendants for an audit of Defendants' fringe benefit contributions due for the Audit Period and payment of all unpaid fringe benefit contributions, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2.      This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act.  (29 U.S.C. §§ 1132 and 185).

## VENUE

3.      Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4.      **The Trust Funds.**  The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans.  (29 U.S.C. §1002).

5.    The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6.    The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7.    **Defendant FISHER INTERIORS, LIMITED.**  Defendant FISHER INTERIORS, LIMITED is a dissolved Illinois corporation engaged in an industry affecting commerce.

8.    Defendant FISHER INTERIORS, LIMITED signed a Memorandum of Agreement ("Agreement") with the Union on March 19, 2012 pursuant to which it agreed to be bound by the Area Agreements, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds. A copy of the Agreement is attached as Exhibit A.  The Agreement, the Area Agreements, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

9.    Defendant FISHER INTERIORS, LIMITED was involuntarily dissolved by the Illinois Secretary of State on December 11, 2015.

10.    **Defendant JACK FISHER.**  Defendant JACK FISHER is the president of FISHER INTERIORS, LIMITED.  Because FISHER INTERIORS, LIMITED has been dissolved, JACK FISHER is personally liable for the obligations of FISHER INTERIORS, LIMITED.

## GENERAL ALLEGATIONS

11.     The Agreements and ERISA, 29 U.S.C. §1059, require Defendants to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendants have accurately reported and paid contributions they owe to the Trust Funds.

12.     The Agreements and ERISA, 29 U.S.C. §1059, require Defendants to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendants have accurately reported and paid contributions Defendants owe to the Trust Funds.

13.     The Agreements require Defendants to contribute to the Trust Funds for each hour worked by Defendants' employees performing jurisdictional work.

14.     The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite.

15.     The Area Agreement provides that if Defendants subcontract jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendants shall require the subcontractor to be bound by the terms of the Area Agreement or Defendants shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

16.     At the Trust Funds' direction, the independent auditing firm Legacy Professionals attempted to conduct an audit of Defendants' books and records encompassing the Audit Period.

17.     Defendants failed to comply with Legacy Professionals' and the Trust Funds' demands that Defendants produce records for the audit of Defendants' fringe benefit contributions to the Trust Funds for the Audit Period.

## COUNT I

18.     The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19.     Defendants breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Pension Fund to complete an accurate audit of Defendants' contributions to the Pension Fund after the Pension Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Pension Fund for the Audit Period.

20.     The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

21.     The Pension Fund has complied with all conditions precedent in bringing this suit.

22.     The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Pension Fund and/or to compel production of all books and records necessary for an audit.

23.     Defendants must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

24.     This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25.     This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendants:

A.      to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendants' fringe benefit contributions for the Audit Period;

B.      to pay any and all contribution amounts the Defendants owe the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

C.      to pay interest on the amount that is due;

D.      to pay interest or liquidated damages on the amount that is due;

E.      to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

F.      to pay auditors' fees incurred to establish the amount due; and

G.      to award the Pension Fund such other and further relief as the Court deems just and equitable.

## <u>COUNT II</u>

26.      The Welfare Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

27.      Defendants breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Welfare Fund to complete an accurate audit of Defendants' contributions to the Welfare Fund after the Welfare Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Welfare Fund for the Audit Period.

28.      The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

29.     The Welfare Fund has complied with all conditions precedent in bringing this suit.

30.     The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Welfare Fund and/or to compel production of all books and records necessary for an audit.

31.     Defendants must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

32.     This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

33.     This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendants:

A.     to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendants' fringe benefit contributions for the Audit Period;

B.     to pay any and all contribution amounts the Defendants owe the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

C.     to pay interest on the amount that is due;

D.     to pay interest or liquidated damages on the amount that is due;

E.     to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

F.     to pay auditors' fees incurred to establish the amount due; and

G.   to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

34.   The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35.   Defendants breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Trainee Fund to complete an accurate audit of Defendants' contributions to the Trainee Fund after the Trainee Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Trainee Fund for the Audit Period.

36.   The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

37.   The Trainee Fund has complied with all conditions precedent in bringing this suit.

38.   The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39.   Defendants must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

40.   This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

41.   This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)   interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendants:

A.     to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendants' fringe benefit contributions for the Audit Period;

B.     to pay any and all contribution amounts the Defendants owe the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

C.     to pay interest on the amount that is due;

D.     to pay interest or liquidated damages on the amount that is due;

E.     to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

F.     to pay auditors' fees incurred to establish the amount due; and

G.     to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

42.     The Labor/Management Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43.     Defendants breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Labor/Management Fund to complete an accurate audit of Defendants' contributions to the Labor/Management after the Labor/Management or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Labor/Management Fund for the Audit Period.

44.    The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

45.    The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

46.    The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Labor/Management Fund and/or to compel production of all books and records necessary for an audit..

47.    Defendants must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

48.    This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

49.    This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)    interest on any unpaid contributions; or

(b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendants:

A.    to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendants' fringe benefit contributions for the Audit Period;

B.    to pay any and all contribution amounts the Defendants owe the Labor/Management Fund or which the Labor/Management Fund is responsible for collecting or authorized to collect under the Agreements;

C.    to pay interest on the amount that is due;

D.    to pay interest or liquidated damages on the amount that is due;

E.    to pay the reasonable attorneys' fees and costs the Labor/Management Fund
      incurred in this action;

F.    to pay auditors' fees incurred to establish the amount due; and

G.    to award the Labor/Management Fund such other and further relief as the Court
      deems just and equitable.

                                        CHICAGO REGIONAL COUNCIL OF
                                        CARPENTERS PENSION FUND *et al.*


                                        By:   s/ Kevin P. McJessy
                                                One of Their Attorneys

Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# Exhibit A

#17802/50666

# *Memorandum of Agreement*

**Employer** *Fisher Interiors, Ltd.*      **Address** *2952 Shorewood Dr.*

**City** *McHenry*      **State** *IL*      **Zip** *60050*  **Phone** *815-385-0696*

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, DeKalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this *19th* day of *March*, 2012.

**EMPLOYER**

FISHER INTERIORS LTD.

_____ PRESIDENT
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

Authorized Regional Council
Representative